UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                              CRIMINAL ACTION NO. 3:10CR26TSL-FKB
                                 CIVIL ACTION NO. 3:14CV614TSL
ANTONIO HUGHES


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant
Antonio Hughes for relief pursuant to 28 U.S.C. § 2255.  The
government opposes the motion, and the court, having considered
the parties' submissions and the record in this case, finds that
defendant's motion is not well taken and should be denied.
However, the court concludes that it is appropriate to sua sponte
reconsider the court's August 3, 2015 order, reducing defendant's
term of imprisonment from 121 months to 120 months.

Hughes pled guilty on June 28, 2011, to one count of
conspiracy to distribute more than 50 grams of cocaine base and
four counts of using a communications facility in aid and
furtherance of the commission of a controlled substances offense.
The court sentenced Hughes to a 121-month term of imprisonment on
the conspiracy count and to four concurrent 48-month terms on the
remaining counts.  By his present motion, Hughes asserts claims
primarily relating to his sentence and to the court's alleged
failure to allow him to withdraw his guilty plea after the court,
at sentencing, implicitly denied the government's motion to

dismiss counts 2 through 5.  The government opposes the motion,
asserting that the majority of defendant's claims fail on the
merits and that the remainder are not cognizable via a § 2255
motion.  The court agrees and concludes that Hughes' § 2255 motion
is due to be denied.  This being said, the court will <u>sua</u> <u>sponte</u>
reconsider its August 3, 2015 order modifying defendant's sentence
under 18 U.S.C. § 3582.

<u>Facts and Proceedings</u>

    In March 2010, the grand jury indicted defendant on one count
of conspiracy to distribute more than 50 grams of cocaine base
(count 1), and four counts of using a communications facility in
aid and furtherance of the commission of a controlled substances
offense (counts 2-5).  Five days prior to a June 27, 2011 trial
setting, defense counsel contacted the court, advising that
defendant wished to plead guilty.  The change-of-plea hearing was
set for June 27.  On that date, defendant appeared and expressed
his desire for a jury trial.  The court reset the trial for 9:00
a.m. the next day.

    At that time, with potential jurors waiting, defendant again
informed the court that he wished to plead guilty.  Having
determined that defendant was competent to enter a plea and that
he was doing so voluntarily, and after outlining the elements of
the offenses set forth in the indictment, the court advised Hughes
that the conspiracy count carried a minimum penalty of 10 years

and a maximum term of life imprisonment.  Prior to accepting

Hughes' guilty plea, the court queried the parties as to the

existence of a plea agreement.  Counsel for the government

replied:

> Your Honor, there is an oral agreement that if the
> defendant were to plead guilty to the first count, being
> the conspiracy count, the government will ask the court
> to continue Counts 2 through 5 until sentencing, after
> which the government intends to move to dismiss Counts 2
> through 5.  That would be the agreement that the
> government has with the defendant.  Also, the government
> would recommend at sentencing that the defendant receive
> the lower 50 percent of the guideline range as it
> applies to Count 1 of the indictment.  That would be the
> extent of the government's agreement with the defendant.

The court then confirmed that defendant's understanding of the

agreement comported with the government's representation.  The

court advised defendant that it was not bound by the sentencing

range recommended by the government and that, in the event that

the court imposed a sentence that he did not like, he could not

withdraw his plea.  After Hughes acknowledged that he understood,

the court called upon the government to provide the factual basis

for the plea.

The prosecutor set forth the factual basis for all five

charges, after which the court asked Hughes if the government's

representations were basically true and correct.  Hughes replied

that they were not.  After Hughes conferred with his counsel,

defense counsel explained that Hughes took issue only with the

government's representation that he had sold drugs on behalf of a

3

supplier.  Hughes' position was that he sold drugs for himself,
acts which were also within the scope of the conspiracy set out in
the indictment.  Following further exchanges between the court and
the parties, Hughes ultimately admitted to the court that the
remainder of the government's factual basis concerning his
involvement in the crimes set forth in the indictment was true and
correct and then, without objection from counsel or the
government, he proceeded to plead guilty to all five counts of the
indictment.  The court accepted his plea and set the matter for
sentencing on September 15, 2011.

     Less than a month later, Hughes, through counsel, filed a
motion to withdraw his guilty plea, claiming that "[i]n this case
the defendant is asserting his innocence and that his plea of
guilty was not knowingly and voluntarily [made]."  The court set
the matter for a hearing, at which Hughes testified that he was
"confused" during the change of plea hearing.  The court denied
his motion to withdraw his guilty plea and again set the matter
for sentencing.

     In December 2011, following completion of the Presentence
Investigation Report (PSIR), defendant came before the court for
sentencing.  Defendant made no objection to the report, which
plainly recited, contrary to the government's representation at
the change-of-plea hearing, that there was no plea agreement.
Prior to imposing sentence, the court asked the government's

4

attorney, "Does the government have any comment to make with regard to the sentence to be imposed?"  Counsel replied, "[t]he government did during the defendant's plea agree to dismiss Counts 2 through 5 at the conclusion of the sentencing and also did agree to recommend that the defendant get a guideline sentence within the lower 50 percent of the guidelines.  So I do make that recommendation."

Following this recommendation, the court clarified that the guidelines sentence range for the conspiracy count was 121 to 151 months and stated to the government's counsel, "Mr. LaMarca, I'm now considering- I want to be sure I'm sentencing now in accordance with the other counts because the agreement went by the -".   Mr. LaMarca responded, "Yes, sir."  In view of this apparent confirmation that the plea agreement had gone by the wayside, and there having been no objection from defense counsel, the court sentenced Hughes to a 121-month term of imprisonment on count 1 and to concurrent 48-month terms on the remaining counts.

Hughes timely appealed, raising numerous issues.  Among other things, he charged that his change of plea hearing was procedurally deficient in several respects so that vacatur of his guilty plea was warranted.  As is pertinent to the resolution of this § 2255 motion, he argued that the court had misstated the minimum and mandatory sentences that he faced on the conspiracy count and that the court had failed to fully explain the

consequences of his guilty plea to counts 2 through 5.[1] He urged alternatively that counts 2 through 5 should be dismissed because the court abused its discretion at sentencing when it failed to act upon the government's recommendation to dismiss counts two through five.

On appeal, a divided panel of the Fifth Circuit affirmed the court's judgment on count 1 but granted defendant's alternative request for relief, reversing the court's (implicit) denial of the government's motion to dismiss counts 2 through 5, rendering a judgment of dismissal on these counts.    United States v. Hughes, 726 F.3d 656 (5th Cir. 2013).

Hughes timely filed his motion for habeas relief pursuant to § 2255. By his motion, Hughes raises the following grounds for relief:

> (1) I was sentenced to an incorrect statutory minimum/maximum range;
> (2) [My] incorrect statutory minimum prevents [me] from receiving a reduction in [my] sentence – pursuant to "All Drugs minus Two" Amendment 782;
> (3) [My] above guideline sentence and statutory minimum implicates an Alleyne/Aprendi error;
> (4) This court should apply the Smarter on Crime Initiative and the All Drugs Minus Two Amendment, and resentence [me] to a term of probation;
> (5) The intervening change of law in Alleyne v. United States, [], applies to all cases that were pending on direct review or not yet final at the time of the decision;

---

[1]    Although not germane to resolution of the current motion, Hughes also argued on appeal that the government had failed to present a sufficient factual basis as to three of the five counts to which he pled guilty and that the court had failed to inform him that this sentence would include the imposition of special assessments.

(6) Counsel was ineffective for failure to file a Rule 28(j) letter and supplement [my] appeal with an <u>Alleyne</u> claim;

(7) Counsel was ineffective for failing to argue that the government breached its plea agreement with [me] by failing to recommend a guideline sentencing range of 63 to 78 months;

(8) <u>Alleyne</u> [] renders [my] plea defective;

(9) [My] appeal counsel was ineffective for failing to challenge the district court's denial of [my] motion to withdraw [my] plea under Rule 11(c)(3)(A), c(4)(5) and <u>Alleyne</u>; and

(10) Trial counsel was ineffective for failing to object to Rule 11 Errors.

<u>Standard</u>

A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on one or more of the following grounds:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  Additionally, the law-of-the-case doctrine precludes consideration of "an issue disposed of in

his previous appeal at the § 2255 stage." <u>United States v.</u>
<u>Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986).

<u>Fair Sentencing Act Claims</u>:

By ground 1, Hughes complains that as to count 1, the court
sentenced him to an incorrect Pre-Fair Sentencing Act statutory
range of 10 years to life instead of a 5-to-40-year range. He
seeks to be resentenced because of this alleged error. By grounds
2 and 4, he urges that upon resentencing, the court should employ
the Smarter on Crime Initiative and/or the All Drugs Minus Two
Amendment to impose a term of probation. The government insists
that ground 1 is not reviewable because Hughes raised this issue
on appeal and the Fifth Circuit denied relief. It further
maintains that grounds 2 and 4, are not cognizable under § 2255
but rather are properly considered in the context of § 3582.

All three of these claims have their genesis in the fact that
after defendant was indicted but before he entered his plea and
was sentenced, the then-recently enacted Fair Sentencing Act
(FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010) became
effective. The stated purpose of the FSA is to "restore fairness
to Federal cocaine sentencing." <u>Id.</u> By its terms, the FSA
"increased the drug amounts triggering mandatory minimums for
crack trafficking offenses from 5 grams to 28 grams in respect to
the 5-year minimum and from 50 grams to 280 grams in respect to
the 10-year minimum." <u>Dorsey v. United States</u>, –U.S.–, 132 S. Ct.

8

2321, 2329, 183 L. Ed. 2d 250 (2012).  The FSA further required that the Sentencing Commission, within 90 days after the Act's effective date, make and implement "conforming amendments to the Federal sentencing guidelines as the Commission determine[d] necessary to achieve consistency with other guideline provisions and applicable law."  Id. (internal citations omitted).  In accordance with this, the Commission "promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010."  Id. at 2329 (citing 75 Fed. Reg. 66188 (2010)).

While the Act became effective in November 2010, the Fifth Circuit ruled in October 2011, two months before the court sentenced Hughes, that it was inapplicable to offenses committed before its enactment.  See United States v. Tickles, 661 F.3d 212, 214-15 (5th Cir. 2011).  Accordingly, when Hughes appeared before the court on June 28, 2011 to enter his guilty plea, this court, in keeping with the then-current state of the law in the Fifth Circuit, informed him that based on the amount of cocaine base set out in the indictment, i.e., more than 50 grams, he faced a statutory minimum sentence of 10 years and a maximum life sentence.  Subsequently, however, and while Hughes' appeal was pending, the Supreme Court held that the Act was applicable to all offenders sentenced after its enactment.  See Dorsey, 132 S. Ct.a at 2331.

9

The government maintains that the Fifth Circuit rejected the argument presented in ground one, i.e, that Hughes should be resentenced under the FSA.  It contends that Hughes is thus precluded from raising this issue via his § 2255 motion.  This is not correct.  Hughes' current argument that he should be resentenced to the "correct" mandatory minimum was not presented to the Fifth Circuit.  Rather, on appeal, Hughes asserted that the court's incorrect recitation of the minimum/maximum sentences during the change of plea hearing violated Rule 11 of the Federal Rules of Criminal Procedure[2] and thus, warranted vacatur.  The Fifth Circuit rejected <u>this</u> <u>claim</u>.  While it acknowledged "a district court's decision rendered erroneous by a subsequent change in the law can constitute reversible plain error," it concluded that Hughes had failed to show "by a reasonable probability that, but for the Rule 11 error committed, he would not have pleaded guilty."  <u>Hughes</u>, 726 F.3d at 662.  However, while Hughes' claim that he should be resentenced to the "correct" mandatory minimum is not barred, it is nonetheless meritless.

Although the court's recitation of the mandatory minimum and maximum provided at the change-of-plea hearing was ultimately determined to be incorrect, <u>see</u> <u>id.</u> at 661, this fact does entitle Hughes to be resentenced.  Contrary to what Hughes apparently

---

[2]    Rule 11 provides the procedure by which a court may receive a guilty plea and guides the court's decision to accept or reject a plea agreement.

10

believes, the court did not impose a statutory 10-year minimum sentence on the conspiracy count but rather imposed a guideline sentence based on the amount of cocaine attributable to Hughes pursuant to his relevant conduct as determined by the PSIR. Importantly, to arrive at Hughes' base offense level, the PSIR calculated his base offense level utilizing the emergency guideline amendments.  Based on the PSIR's conclusion that the amount of drugs attributable to Hughes was at least 280 grams but less than 840 grams of cocaine base, Hughes received a base offense level of 32.  With a criminal history of 1, the guideline range for the conspiracy count was 121 to 151 months.  As previously stated, the court sentenced Hughes to a guideline sentence of 121 months' imprisonment on the conspiracy count, a sentence which is well under the statutory maximum.  Accordingly, relief will be denied as to ground 1.  Relief will further be denied as to grounds 2 and 3 because as the government correctly points out, these arguments are not cognizable on collateral review.  See United States v. Jefferson, 464 Fed. Appx. No. 191 (5th Cir. Dec. 1, 2010) (pleadings asserting that defendant was entitled to modification of his sentence as a result of retroactive amendments to certain sentence guidelines that lowered his applicable sentencing guidelines range are properly presented

to district court in § 3582 motion, not § 2255 motion).[3]

Alleyne/Apprendi claims:

By grounds 3, 5, 6 and 8, Hughes asserts that his conviction is tainted by an Alleyne/Apprendi error, and must therefore be vacated. See Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (holding that facts which would increase the statutory maximum penalty for offense must be submitted to jury and proved beyond reasonable doubt), and Alleyne v. United States, ––– U.S. ––––, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (extending holding in Apprendi to facts which would increase mandatory minimum sentences). Specifically, by ground 3, Hughes asserts that his "above guideline sentence and statutory minimum implicates an Alleyne/Apprendi error." By ground 5, he maintains that the "Intervening change of law in Alleyne applies to all cases that were pending on direct review or not yet final at time of the decision," and that appellate counsel was ineffective for failing to file a supplemental brief raising the Alleyne argument, as set out in ground 6. Finally, by ground 8, he asserts that the alleged Alleyne error renders his plea defective. For its part, the government maintains that Alleyne is

---

[3]     The court, however, finds that Hughes' argument in support of ground 2 does warrant reconsideration of the court's August 3, 2015 order which modified his sentence by reducing it from 121 to 120 months on account of retroactive application of guideline amendment 782. See infra at pp. 16-17.

not applicable to this case, so that all of Hughes' claims based
thereon are without merit.  The court agrees.

As the court appreciates it, the crux of Hughes' <u>Alleyne</u>
argument is that following enactment of the FSA, the court's
reliance on relevant conduct, proven by a preponderance of the
evidence, to conclude that Hughes was responsible for at least 280
grams but less than 840 grams of cocaine base and the court's
consequent finding of a corresponding guideline sentencing range
of 121 to 151 months, violated the Sixth Amendment.  Hughes urges
that appellate counsel was ineffective for failing to raise the
issue on appeal.

The Fifth Circuit has previously rejected the argument that
<u>Alleyne</u> applies to facts used to increase a defendant's guideline
range.  <u>See</u> <u>United States v. Tuma</u>, 738 F.3d 681, 693 (5th Cir.
2013), <u>cert. denied</u>, --- U.S. ----, 134 S. Ct. 2875, 189 L. Ed. 2d
835 (2014) (concluding that <u>Alleyne</u> applies "only to facts that
increase a statutory mandatory minimum sentence" and does not
require that any fact that increases defendant's guideline range
be found by jury beyond a reasonable doubt).  Accordingly, <u>Alleyne</u>
has no application to this case.  It follows that Hughes' claims
based thereon do not provide a basis for relief.

<u>Ineffective Assistance of Counsel Claims:</u>

Hughes' three remaining claims charge ineffective assistance
of counsel.  Ground 7 arises from an alleged breach of the plea

13

agreement by the government, while grounds 9 and 10 relate to Hughes' motion to withdraw his guilty plea.  In order to prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 669, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  That is, he must demonstrate (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different.  Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064.  A defendant's failure to establish either prong of the Strickland test warrants rejection of his claim.  Armstead v. Scott, 37 F.3d. 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709, 131 L. Ed. 2d 570 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

Via ground 7, Hughes maintains that counsel was ineffective for failing to argue that the government breached the plea agreement when it failed to recommend a sentence at the low end of the guideline range, i.e., a 63-month sentence, which would have comported with the 112 grams of cocaine base set out in the indictment.  According to Hughes, such a recommendation was required by an alleged directive issued by the then United States

14

Attorney General to the effect that Assistant United States
Attorneys were to apply the FSA minimums.   As the government
points out, Hughes' argument misconstrues his agreement with the
government.   Pursuant to the plea agreement, the government agreed
to recommend a sentence in the lower 50 percent of the applicable
guideline range.   As previously stated, upon consideration of the
amounts set forth in the indictment, together with the amounts
incorporated as relevant conduct, this range was 121 to 151
months.   The government's recommendation of a 121-month term of
imprisonment does not violate the agreement.   It follows, then
that counsel was not ineffective for failing to raise the issue.
See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure
to raise meritless objections is not ineffective lawyering; it is
the very opposite.").   Relief will be denied as to this ground.

Finally, by grounds 9 and 10, Hughes charges that trial
counsel was ineffective for failing to object when the court
allegedly rejected his plea agreement and did not allow him an
opportunity to withdraw his plea, and that appellate counsel was
ineffective for failing to effectively raise this claim on appeal.
As the government correctly points out, because the Fifth Circuit
provided Hughes with the benefit of his plea bargain, dismissal of
counts 2 through 5, see Hughes, 726 F.3d at 663, Hughes cannot
demonstrate prejudice.   See Strickland, 466 U.S. at 687-88, 104 S.
Ct. at 2064 (holding petitioner must demonstrate cause and

prejudice).  Defendant is therefore not entitled to relief as to these claims.

Reconsideration of August 15, 2015 order:

Although Hughes is not entitled to habeas relief, his argument that he should be eligible for a further modification of his sentence under § 3582 has merit.  On August 3, 2015, the court sua sponte entered an order "under § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has been subsequently lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)."  Erroneously believing that Hughes was subject to a 10-year mandatory minimum, the court only reduced Hughes' sentence from a 121-month term of imprisonment to a 120-month term of imprisonment.  See United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994)(finding that mandatory minimum statutory penalty overrides the retroactive application of a new guideline).  Had the court not believed that it was constrained by the 10-year mandatory minimum sentence, it would have imposed a sentence at the low end of the guideline range.  Accordingly, inasmuch as defendant is not subject to a 10-year mandatory minimum sentence, see Hughes, 726 F.3d at 761 ("This sentencing range was correct prior to enactment of the Fair Sentencing Act, but under the terms of the Act, which was passed after Hughes' offenses but before he was sentenced, Hughes faced minimum and maximum penalties of 5

16

years' and 40 years' imprisonment."), and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court concludes that defendant's sentence should be reduced from 120 months to 97 months.  See United States v. Williams, 3:10CR137-BAJ-RLB (M.D. La. August 15, 2012)(granting § 3582 motion for retroactive application of sentencing guideline and reducing previously imposed statutory mandatory minimum sentence of 120 months to 115 months, upon a finding that defendant, who was sentenced after FSA effective date, was not subject to statutory mandatory minimum sentence following Dorsey). A separate order will be entered in this regard.

Conclusion

Based on the foregoing, it is ordered that defendant's motion for relief pursuant to § 2255 is denied.  Pursuant to Rule 58, a separate judgment will be entered.

Additionally, a separate order will be entered further modifying defendant's sentence under § 3582.

SO ORDERED this 11th day of January, 2016.


/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

17